### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

AMOUZOU KOL, # A 221-388-535, a/k/a,                                    **PETITIONER**
AMOUZOU HENE KODZO MAWULOLO

**VERSUS**                                                    **CIVIL ACTION NO. 5:26cv87-DCB-RPM**

UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT                                          **RESPONDENT**

### <u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>

This matter is before the Court *sua sponte*.   The United States District Court for the Western District of Louisiana transferred this case to this Court on February 23, 2026.   At the time, *pro se* Petitioner Amouzou Kol, also known as Amouzou Hene Kodzo Mawulolo, was an alien detainee in the custody of the Department of Homeland Security.

On April 21, 2026, the Court ordered Petitioner to file any Memorandum he wished the Court to consider by May 5.   The Order Requiring Petitioner to Respond [10] was mailed to his address of record but was returned as undeliverable on May 12.   Having received no response or change of address, on May 20, the Court entered the Order to Show Cause [13], directing him to show cause why the case should not be dismissed for failure to keep the Court apprised of his address.   The response was due June 3.   When Petitioner still did not respond, the Court entered the Second Order to Show Cause [15], on June 17, giving him a final chance to comply.

All Orders were sent to Petitioner's address of record, but they were all returned as undeliverable.   To date he has not responded, provided a change of address, or otherwise contacted the Court.   The Court has warned Petitioner that failure to comply, or keep the Court apprised of his address, may lead to the dismissal of this case.   (2d Order to Show Cause at 1);

(Order to Show Cause at 1).   It is apparent from Petitioner's failure to comply that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the petitioner's failure to obey a Court order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*.   *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).   The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.   Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.   *Id.* at 629-30.   Respondent has never been called upon to respond to the Petition nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, this case should be and is hereby dismissed without prejudice for failure to prosecute and obey the Court's Orders.   A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

So ordered and adjudged, this the   27th   day of July, 2026.

s/David Bramlette
UNITED STATES DISTRICT JUDGE

2